# IN UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:14-cv-2932

Ken Zaenger,

    Plaintiff/Movant,

Weston Distance Learning, Inc.,

    Defendant.

## COMPLAINT

For this Complaint, the Plaintiff, Ken Zaenger, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

3. Plaintiff, Ken Zaenger ("Plaintiff"), is an adult individual residing in Riverside, Ohio, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

4. Defendant Weston Distance Learning, Inc. ("Weston"), is a Colorado business entity with an address of 2001 Lowe Street, Fort Collins, Colorado 80525, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

### FACTS

5. Within the last year, Weston placed calls Plaintiff's cellular telephone in an

attempt to solicit to Plaintiff its services.

6. At all times referenced herein, Weston placed calls to Plaintiff's cellular telephone, number 937-xxx-5327, by using an automated telephone dialer system ("ATDS").

7. When Plaintiff answered calls from Weston, he was met with a period of silence before being connected to the next available representative.

8. Plaintiff never provided his cellular telephone number to Weston and never provided his consent to Weston to be contacted on his cellular telephone.

9. During a live conversation in or around January, 2014, Plaintiff advised Weston that he was not interested in services Weston was offering and directed Weston to remove his number from its system and cease all calls to him.

10. Nonetheless, Weston continued to call him at an annoying and harassing rate.

## COUNT I
## VIOLATIONS OF THE TCPA – 47 U.S.C. § 227, *et seq.*

11. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

12. At all times mentioned herein and within the last year, Weston called Plaintiff on his cellular telephone using an ATDS or predictive dialer.

13. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"2003 TCPA Order, 18 FCC 36 Rcd 14022. The FCC explains that if a representative in not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." Id. In addition, the TCPA places prohibitions on companies that

"abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." Id.

14. Weston's telephone systems have some earmarks of a Predictive Dialer.

15. Often times when Plaintiff answered the phone, he was met with a period of silence before Weston's telephone system would connect him to the next available representative.

16. Weston's Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

17. Weston continued calling Plaintiff by means of automatic telephone calls to his cellular phone knowing that it lacked consent to call his number. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

18. The telephone number called by Weston was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

19. The calls from Weston to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

20. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

21. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be awarded in his favor and against the Defendant as follows:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

3. Such other and further relief as may be just and proper.

### TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: October 29, 2014

Respectfully submitted,

By  */s/ Jenny DeFrancisco*

Jenny DeFrancisco, Esq.
CT Bar No.: 432383
LEMBERG LAW LLC
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
E-mail: jdefrancisco@lemberglaw.co
*Attorneys for Plaintiff*

Plaintiff:
Ken Zaenger
4800 Arcadia Blvd.
Riverside, Ohio 45432